**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MANDY GILBERT, | § | |
|     *Plaintiff*, | § | |
| | § | |
| *v.* | § | CIVIL ACTION NO. |
| | § | |
| NATIONWIDE DEBT MANAGEMENT | § | Jury Trial Demanded |
| SOLUTIONS, LLC, JOHN DOE CORP., | § | |
| TRACY WADE, ERIC MEDRANO, and | § | |
| STEVE CIPOLLA, | § | |
|     *Defendants*. | § | |
| | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.    This is an action for damages brought by individual Plaintiff MANDY GILBERT ("Plaintiff"), against Defendants NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, JOHN DOE CORPORATION, TRACY WADE, ERIC MEDRANO, and STEVE CIPOLLA ("Defendants"), for violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which statutes prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from persisting in its violative behaviors.

3.    Service may be made upon Defendants in any other district in which Defendants may be found pursuant to 29 U.S.C. § 1132(e)(2).

1

**JURISDICTION AND VENUE**

4.       Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.       Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

**PARTIES**

6.       Plaintiff is a natural person residing in the State of Texas, County of Dallas.

7.       Plaintiff is a consumer as defined by the FDCPA, TDCA, and DTPA.  *See* 15 U.S.C. § 1692a(3); TEX. FIN. CODE § 392.001(1); TEX. BUS. & COM. CODE § 17.50(a)(1).

8.       Defendant, NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC ("NDMS"), is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by the FDCPA and TDCA.  *See* 15 U.S.C. § 1692a(5); TEX. FIN. CODE § 392.001(6).

9.       NDMS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10.       NDMS is a "debt collector" as defined by the FDCPA and TDCA.  *See* 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

11.       Defendants TRACY WADE ("Wade"), ERIC MEDRANO ("Medrano") and STEVE CIPOLLA ("Cipolla") are individuals who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

12.     Wade, Medrano, and Cipolla use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Upon information and belief, Wade, Medrano and Cipolla were at all times relevant directly and/or indirectly: (a) regularly engaged in the collection of a "debt" from Plaintiff, (b) personally and materially involved in the collection of a "debt" from Plaintiff; (c) personally and materially participating in NDMS' debt collection activities; (d) personally and materially involved in the day-to-day operations of NDMS' debt collection business; (e) exercising control over the affairs of NDMS' debt collection business.

14.     "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see also Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

15.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F.

Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

16.     Wade, Medrano and Cipolla are "debt collectors" as defined by the FDCPA and TDCA.  *See* 15 U.S.C. § 1692a(6) and by Tex. Fin. Code § 392.001(2).

17.     John Doe Corporation is an entity engaged in the business of receiving an assignment or transfer of a post-default consumer debt solely for the purpose of facilitating collection of such debt for another.

18.     John Doe Corporation is an entity that at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff(s), as defined by 15 U.S.C. § 1692a(5).

19.     John Doe Corporation uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20.     John Doe Corporation is a "debt collector" as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

21.     John Doe Corporation placed a consumer account with NDMS for collection.

**FACTUAL ALLEGATIONS**

22.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

23.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal,

4

family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

24.     In connection with collection of the alleged debt in default, Defendant NDMS — itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation — called Plaintiff's cellular phone on October 27, 2011 at 6:39 P.M., and at such time, left the following voice message:

> This message is for Mandy Clements. Ms. Clements this is Jose [inaudible] with Nationwide. I need you to return this message as soon as you get this message to 888-414-0763 and then extension 3565. Again, Mandy I need you to return this phone call, it is imperative that I hear back from you. You reach your file number at 1153093.

25.     Defendants' October 27, 2011, voice message failed to inform Plaintiff that the communication was from a debt collector.

26.     In failing to disclose that Defendants were debt collectors, Defendants failed to meaningfully disclose their identity in its voicemail message of October 27, 2011.

27.     Further, by stating its company name as "Nationwide", Defendants failed to meaningfully disclose NDMS's true corporate or business name in a telephone call to Plaintiff.

28.     Defendants' October 27, 2011, voice message conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

29.     Defendants' October 27, 2011, voice message further failed to state that such communication was for the purposes of obtaining location information.

30.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

31.     As a result of the above violations of law, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

32.     Plaintiff repeats and re-alleges each and every allegation contained above.

33.     Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

34.     Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing its true corporate or business name to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated  15 U.S.C. § 1692(d)(6);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

6

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

35.      Plaintiff repeats and re-alleges each and every allegation contained above.

36.      Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(11);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

37.      Plaintiff repeats and re-alleges each and every allegation contained above.

38.      Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692b**

39.    Plaintiff repeats and re-alleges each and every allegation contained above.

40.    In the alternative, Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692b when Defendant failed to state that the purpose for contacted a third party was obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692b;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

41.     Plaintiff repeats and re-alleges each and every allegation contained above.

42.     In the alternative, Defendant Nationwide, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated 15 U.S.C. § 1692c(b) when Defendant failed to state that the purpose for contacted a third party was obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692c(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)**

43.     Plaintiff repeats and re-alleges each and every allegation above.

44.     Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corporation violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated TEX. FIN. CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(A)**

45.     Plaintiff repeats and re-alleges each and every allegation above.

46.     Defendant NDMS, itself and on behalf of Defendants Wade, Medrano, Cipolla, and John Doe Corpoation violated Tex. Fin. Code § 392.304(a)(5)(A) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, where the communication was the initial written or oral communication between NDMS and Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated TEX FIN CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF DTPA

47.     Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

48.     A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable *per se* under the DTPA.  TEX. FIN. CODE. § 392.404(a)

49.     Defendants violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
dkruz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:    (888) 595-9111
Facsimile:    (866) 565-1327

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:   (817) 335-4003
Facsimile:   (817) 335-7112

*Attorneys for Plaintiff*
MANDY GILBERT