IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANDY GILBERT, ) | Case No. 3:12-cv-00694-N |
| ) | |
| Plaintiff, ) | |
| ) | PLAINTIFF'S MOTION FOR |
| vs. ) | DEFAULT JUDGMENT |
| ) | |
| NATIONWIDE DEBT MANAGEMENT ) | |
| SOLUTIONS, LLC, JOHN DOE CORP., ) | |
| TRACY WADE, ERIC MEDRANO, and ) | |
| STEVE CIPOLLA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Mandy Gilbert, respectfully moves this Court for an order of Default Judgment against Defendants Nationwide Debt Management Solutions, LLC ("Nationwide") and Tracy Wade ("Wade") (collectively "Defendants"), as provided by Rule 55(b)(2) of the Federal Rules of Civil Procedure, in the amount of four thousand sixty dollars ($4,060.00), based upon the Memorandum in Support of Motion for Default Judgment, and for the reasons set forth below. Plaintiff asks that judgment bear interest at the judgment rate from the date of entry until paid, as well as any additional relief this court deems necessary and proper. Plaintiff does not request a hearing on damages.

This Court should enter the judgment against Defendants Nationwide and Wade, and in favor of Plaintiff, because:

1. The Clerk of this Court entered the default of Defendants Wade and Nationwide on August 22, 2012.

2. Nationwide has not appeared in this action, and is not entitled to notice of this Motion for Entry of a Default Judgment, although same is being provided.

3. Wade has not appeared in this action, and is not entitled to notice of this Motion for Entry of a Default Judgment, although same is being provided.

4. The Complaint in this action sets out a valid claim for statutory damages under 15 U.S.C. § 1692 *et seq.*, and 47 U.S.C. § 227. By virtue of the entry of default on August 22, 2012, Defendants Wade and Nationwide may not challenge any of the factual allegations supporting those claims.

5. Defendant Nationwide is not an infant or incompetent person, within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

6. Defendant Wade is not an infant or incompetent person, within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

7. Defendant Nationwide is not currently serving in the military as defined in the Solder's and Sailor's Civil Relief Act of 1940 (50 U.S.C. § 520).

8. Defendant Wade is not currently serving in the military as defined in the Solder's and Sailor's Civil Relief Act of 1940 (50 U.S.C. § 520).

9. This motion is based upon all pleadings and papers on file in this action, the Clerk's entry of default, and whatever other evidence the Court requests.

Dated: August 29, 2012

s/ Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111 ext. 275
Facsimile: (866) 565-1327
noah.radbil@attorneysforconsumers.com